IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| *In re* W.A.R. LLP | Bankruptcy Case No.: 10-32530<br><br>CHAPTER 7,  INVOLUNTARY |
| WADE ROBERTSON,<br><br>     Plaintiff,<br><br>vs.<br><br>WILLIAM C. CARTINHOUR, JR.,<br><br>     Defendant. | Case No.: _____<br><br>**CORE PROCEEDING** |

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Wade Robertson alleges as follows:

### Jurisdiction over the Claims

1.    This Court has subject matter jurisdiction over the claims for relief under 28 U.S.C. §§ 1334 (a) & (b).  Also, the instant matter is a "core proceeding" within the meaning of the Bankruptcy Code.

### Venue

2.    Venue in this judicial district is proper under 28 U.S.C. §§ 1408-1409.

### Parties

3.    Plaintiff Wade Robertson ("Mr. Robertson") is a citizen of Tennessee and a partner in WAR LLP, the debtor partnership for which the above entitled involuntary bankruptcy petition is pending.

4.      Defendant William C. Cartinhour, Jr. ("Dr. Cartinhour") is a citizen of Maryland and a partner in WAR LLP, the debtor partnership for which the above entitled involuntary bankruptcy petition is pending.

**Factual Allegations**

5.      On September 16, 2004 and September 17, 2004, Dr. Cartinhour and Mr. Robertson executed several written agreements establishing between themselves a multi-disciplinary-practice professional partnership named W.A.R. LLP in the District of Columbia (hereafter, the "Partnership").

6.      On or about January 19, 20, 21, 22, and 23 of 2006, Mr. Robertson was told by several of Dr. Cartinhour's agents that Dr. Cartinhour intended to sue Mr. Robertson and/or the Partnership.

7.      Subsequently, between March 13, 2006 and April 6, 2006, one of Dr. Cartinhour's agents told Mr. Robertson of a scheme by Dr. Cartinhour to sue Mr. Robertson and the Partnership.

8.      Subsequently, Mr. Robertson asked Dr. Cartinhour if what he had been told was true about Dr. Cartinhour's intention to sue him and the Partnership. Dr. Cartinhour denied those allegations. In order to further assure Mr. Robertson that the allegations were untrue, on April 7, 2006, Dr. Cartinhour went with Mr. Robertson before a notary public in the District of Columbia. At that time, Dr. Cartinhour executed an "Indemnification, Hold Harmless, and Agreement to Waive All Claims" for the benefit of both Mr. Robertson and the W.A.R. LLP partnership (hereafter, the "Indemnification and Hold Harmless Agreement"). In addition to releasing any claims against Mr. Robertson or the Partnership, Dr. Cartinhour agreed to indemnify and to hold harmless Mr. Robertson and the Partnership for any future claims that

might be brought by him or on his behalf. A true and correct copy of the notarized document is attached hereto as "Exhibit A."

    9.    The Indemnification and Hold Harmless Agreement states as follows:

I, William C. Cartinhour, Jr., residing at 10500 Rockville Pike, apt. 1619, Rockville, Maryland 20852, being of sound mind and memory and not acting under duress, menace, fraud, or undue influence of any person, in exchange for consideration of all past assistance and work and also for work done this day concurrent with the execution of this document by Wade A. Robertson personally and/or W.A.R. LLP. as an entity, do hereby AGREE and COVENANT as follows: That on behalf of myself and my heirs, executors, administrators, successors, beneficiaries, and assigns, whether herein named or referred to or not, do hereby release, discharge, and acquit and by these presents does hereby release, acquit, and forever discharge Wade A. Robertson personally and/or W.A.R. LLP. as an entity (and its servants, and employees, its divisions, subdivisions, and affiliates), of and from any and all past, present, and future claims, counterclaims, demands, actions, causes of action, liabilities, damages, costs, loss of services, expenses, compensation, third-party actions, suits at law or in equity, of every nature and description, whether known or unknown, suspected or unsuspected, foreseen, or unforeseen, real or imaginary, actual or potential, and whether arising at law or in equity, under the common law, state or federal law, or any other law, or otherwise, including, but not limited to, any claims that have been or might have been asserted as a result of any relationship, hereinafter collectively referred to as claims. Further, I hereby declare that I understand, covenant, and agree that I will not make any claims or demands, or file any legal proceedings against Wade A. Robertson personally and/or W.A.R. LLP. as an entity or join any of

them as a party to any claim, demand, or legal proceedings nor shall I proceed against any other party, person, firm, or corporation on the claims described above. It is my intention hereby to effect a full and final general release of all such claims. It is expressly understood and agreed that this release and Agreement is intended to cover, and does cover, not only all now known injuries, losses, and damages, but any future injuries, losses, and damages not now known or anticipated, but which may later develop or be discovered, including all the effects and consequences thereof.

10.     With respect to the indemnification and hold harmless provisions, the Indemnification and Hold Harmless Agreement states as follows:

I shall indemnify and hold harmless Wade A. Robertson personally and/or W.A.R. LLP. as an entity from any and all judgments, costs, expenses, or attorney fees whatsoever arising on account of the filing of any such claim, demand, or other legal proceeding by myself or my heirs, executors, administrators, successors, beneficiaries, and assigns, whether herein named or referred to or not.

11.     Mr. Robertson at all times relied upon these acts of Dr. Cartinhour and the Indemnification and Hold Harmless Agreement and he would not have remained in the W.A.R. LLP partnership with Dr. Cartinhour but for these acts by Dr. Cartinhour.

12.     On August 21, 2009, one of Dr. Cartinhour's attorneys wrote Mr. Robertson a letter threatening to immediately sue him on Dr. Cartinhour's behalf.

13.     On August 28, 2009, Mr. Robertson filed *Wade Robertson v. William C. Cartinhour, Jr.*, Case No. 1:09-cv-01642 (D.D.C.)("D.C. Case"), seeking a declaratory judgment regarding the provisions of the Indemnification and Hold Harmless Agreement.

14.     On October 28, 2009, Dr. Cartinhour filed counter-claims (on behalf of himself

and the Partnership) against Mr. Robertson alleging fraud and breach of fiduciary duties. The case is set for trial before The Hon. Ellen S. Huvelle during the week of November 29, 2010.

15. Judge Huvelle did not permit Mr. Robertson to bring claims in response to Dr. Cartinhour's counterclaims, and Mr. Robertson later filed fraud and racketeering claims against Dr. Cartinhour and various attorneys in the law firm representing him, including Patrick Kearney, Michael Bramnick, Robert Selzer, and Carlton Obecny, on November 2, 2010. That case, *Wade Robertson v. William C. Cartinhour, Jr., et al.*, Case No. 10-cv-08442 (S.D.N.Y.), is pending before Judge Laura Taylor Swain. It does not purport to bring claims on behalf of the Partnership.

16. After October 28, 2009, Mr. Robertson began incurring substantial attorney fees and costs in defending against claims brought by Dr. Cartinhour and the Partnership in the D.C. Case.

17. On January 11, 2010, Mr. Robertson made a demand in person to Dr. Cartinhour for indemnification of the fees and costs thus incurred and also to be held harmless for future costs and fees expected in suit. Dr. Cartinhour denied the demand.

18. On January 11, 2010, Dr. Cartinhour told Mr. Robertson in person that he intended to initiate additional suits, including suits against other agents of Robertson and the Partnership. Mr. Robertson made a demand to be held harmless in these additional suits but Dr. Cartinhour denied the demand.

19. To date, Mr. Robertson has expended not less than $100,000.00 in fees and costs in defending against said suit by Dr. Cartinhour. These fees and costs have all been incurred pre-trial.

20. Mr. Robertson files this adversarial proceeding because Judge Huvelle has not yet

addressed the request for declaratory judgment, and Dr. Cartinhour refuses to honor the Indemnification and Hold Harmless Agreement. In the interest of full disclosure, Mr. Robertson did not seek injunctive relief before Judge Huvelle, but he did assert the release clause in a motion for summary judgment. Judge Huvelle denied that motion, but she has not addressed the hold harmless and indemnification issues. Insofar as Dr. Cartinhour purports to bring claims on behalf of the Partnership, Mr. Robertson believes that the matter is, without doubt, a core proceeding subject to the jurisdiction of this Court.

## Claims

### *Count One: Injunctive Relief*

21. Plaintiff Mr. Robertson repeats and realleges each of the allegations contained in the foregoing paragraphs as if fully set forth herein.

22. Per the explicit terms of the Indemnification and Hold Harmless Agreement, Mr. Robertson is entitled to be held harmless by Dr. Cartinhour and to have all fees and costs advanced to him in defending against any suit whatsoever brought by Dr. Cartinhour or on his behalf.

23. Mr. Robertson has demanded to be held harmless by Dr. Cartinhour but said demand has been denied.

24. Unless Dr. Cartinhour is preliminarily and permanently enjoined from engaging in any further litigation on Dr. Cartinhour's behalf against Mr. Robertson or his agents without first advancing necessary fees and cost to hold them harmless in such a suit, Mr. Robertson will be irreparably injured by the irretrievable loss of his economic rights in the hold harmless to be advanced such fees and costs in defense.

25. Said future economic losses that would be incurred by Mr. Robertson absent the

requested injunctive relief are not less than $100,000.00 per suit based upon the fact that Mr. Robertson has already incurred more than $100,000.00 in defending against the claims and/or suit brought against him on October 28, 2009 by Dr. Cartinhour.  Mr. Robertson's right to be held harmless for those expenditures has already been irretrievably lost.

26.     Mr. Robertson has no adequate remedy at law for the immediate and irreparable harm he is suffering and will continue to suffer if Dr .Cartinhour is not enjoined from proceeding in any suit against him without first advancing Mr. Robertson the fees and costs to defend himself as covenanted by the hold harmless provisions of the Indemnification and Hold Harmless Agreement.

27.     Injunctive relief is needed to prevent further harm to Mr. Robertson.

28.     Injunctive relief is appropriate in these circumstances because Mr. Robertson most likely will prevail on the merits of his claims and the balancing of the equities favors Mr. Robertson.

*Count Two: Indemnification*

29.     Plaintiff Mr. Robertson repeats and realleges each of the allegations contained in the foregoing paragraphs as if fully set forth herein.

30.     Per the explicit terms of the Indemnification and Hold Harmless Agreement, Mr. Robertson is entitled to indemnification and to be reimbursed by Dr. Cartinhour for all fees and costs expended or incurred by Mr. Robertson in defending against any suit whatsoever brought by Dr. Cartinhour or on his behalf.

31.     Consequently, Mr. Robertson is entitled to be reimbursed not less than $100,000.00 for the fees and costs incurred by him in defending against the claims and/or suit brought against him on October 28, 2009 by Dr. Cartinhour.

32. The exact amount of fees and costs incurred can be submitted to the Court following adjudication of the merits of this claim.

## Conclusion

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Mr. Robertson, prays for the following relief:

(a) a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure enjoining and restraining the Defendant and those acting in concert with the Defendant for ten (10) days from proceeding in any suit against Mr. Robertson without first advancing Mr. Robertson the fees and costs to defend himself as covenanted by the hold harmless provisions of the Indemnification and Hold Harmless Agreement, with said advancement being made by Dr. Cartinhour depositing not less than $100,000.00 into an escrow account to be drawn upon by Mr. Robertson's attorneys and by immediately thereafter replenishing the amount in escrow back to $100,000.00 again after it has been drawn down to a remaining total balance of $25,000.00 or less;

(b) a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure enjoining and restraining the Defendant and those acting in concert with the Defendant from proceeding in any suit against Mr. Robertson without first advancing Mr. Robertson the fees and costs to defend himself as covenanted by the hold harmless provisions of the Indemnification and Hold Harmless Agreement, with said advancement being made by Dr. Cartinhour depositing not less than $100,000.00 into an escrow account to be drawn upon by Mr. Robertson's attorneys and by immediately thereafter replenishing the amount in

      escrow back to $100,000.00 again after it has been drawn down to a remaining total balance of $25,000.00 or less;

(c)     a permanent injunction order pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining and restraining the Defendant and those acting in concert with the Defendant from proceeding in any suit against Mr. Robertson without first advancing Mr. Robertson the fees and costs to defend himself as covenanted by the hold harmless provisions of the Indemnification and Hold Harmless Agreement, with said advancement being made by Dr. Cartinhour depositing not less than $100,000.00 into an escrow account to be drawn upon by Mr. Robertson's attorneys and by immediately thereafter replenishing the amount in escrow back to $100,000.00 again after it has been drawn down to a remaining total balance of $25,000.00 or less;

(d)     indemnification payment of not less than $100,000.00 in reimbursement for all fees and costs expended or incurred by Mr. Robertson in defending against the claims and/or suit brought against him on October 28, 2009 by Dr. Cartinhour.

(e)     pre-judgment and post-judgment interest in the maximum amount allowable by law;

(f)     a grant of such other and further relief as the Court deems appropriate.

**<u>Verification</u>**

I DECLARE (OR CERTIFY, VERIFY, OR STATE) UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

                                              /s/ Wade Robertson_____
                                              Wade Robertson

Respectfully submitted,

**/s/ Ty Clevenger**_____
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 4806
Bryan, Texas 77805
Phone: (979) 985-5289
Fax:    (979) 530-9523

ATTORNEY FOR PLAINTIFF